## Caruso Estate

412

*Reilly & Pearce*, for accountants.

*Paul R. Sand* and *Albert S. Herskowitz*, for claimant.

VAN RODEN, P. J., March 5, 1949.—Decedent died September 21, 1947, survived by his widow and four minor children. Due to religious differences between the parties, decedent's relatives insisted on assuming charge of the funeral arrangements and burying decedent in accordance with the customs of their faith. The widow was informed of the arrangements and did not object thereto. On the other hand, she did not directly contract with the undertaker nor did she expressly ratify and approve the contract for his services.

The undertaker has presented a claim for funeral expenses in the amount of $983 against the widow as administratrix of the estate. If this claim is allowed it will consume the entire balance for distribution.

Counsel for the accountant has urged upon the court the proposition that the estate is not liable for any part of the funeral expenses, since the contract with the undertaker was not made by the administratrix but by members of decedent's family. It is well settled in this Commonwealth, however, that the primary obligation for payment of reasonable funeral expenses is upon decedent's estate. It is commonplace that, in the usual case, funeral arrangements are negotiated prior to the grant of letters testamentary or of administration. The next of kin have the right to provide a proper burial for decedent without awaiting formal administration, and the reasonable expense of

such burial is a proper charge against the estate. Since it is admitted that claimant did in fact perform the burial of decedent, the court holds that he is entitled to recover reasonable funeral expenses from the assets of the estate.

We cannot agree, however, that a funeral bill of $983 is reasonable under the circumstances of this case. If the claim is allowed, it will consume the entire balance for distribution and decedent's four minor children will be deprived of any benefit whatsoever from their father's estate. The public policy of this Commonwealth favors a proper and decent burial for every decedent regardless of his financial circumstances and situation in life, but lavish and ostentatious funerals may be classified as luxuries to be indulged in only when the financial circumstances of the parties involved permit. In Nicholson's Estate, 57 D. & C. 181 (1946), it was stated that "It is a policy of this court of long standing to allow not more than $300 for funeral expenses out of the estate of an insolvent decedent. For payment of the balance the undertaker must look to the person who contracted for the funeral". In commenting upon this policy, the writer stated in Bush Estate, 65 D. & C. 310 (1948), "This is certainly a very sensible policy, properly intended to prevent unnecessary lavishness of funerals at the expense of the creditors." We now add that the same policy further prevents unnecessary lavishness of funerals at the expense of minor children. In the absence of very unusual circumstances, which are not present in this case, this court will not approve the payment of more than $300 for funeral expenses where the estate is insolvent or where minor children are involved and the balance for distribution, exclusive of the funeral bill, does not exceed $1,000.

Accordingly, the undertaker's claim is allowed to the extent of $300 and the accountant is directed to

pay same out of the assets of the estate. The remaining portion of said claim is hereby disallowed and dismissed without prejudice to the right of claimant to proceed against individuals who contracted for decedent's burial. In this connection, it is noted that a partial payment has already been made in this case by certain relatives of decedent. Such payment may be credited by claimant against the portion of the claim not herein allowed and is not to be considered as a deduction from the sum of $300 herein directed to be paid out of the assets of the estate.